JPMorgan Chase Bank, N.A. v Carl
2026 NY Slip Op 02833
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

JPMorgan Chase Bank, N.A., respondent-appellant,
v
Bernard J. Carl, etc., et al., appellants-respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2023-08162, (Index No. 609317/18)
Hector D. Lasalle, P.J.
Francesca E. Connolly
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Capuder Fazio Giacoia LLP, New York, NY (Douglas Capuder of counsel), for appellants-respondents.
Thompson Coburn LLP, New York, NY (Zachary G. Newman and Jose A. Fernandez of counsel), for respondent-appellant.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bernard J. Carl and Joan T. Carl appeal, and the plaintiff cross-appeals, from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Christopher Modelewski, J.), entered June 8, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Michael A. Gajdos, Jr., J.) dated October 15, 2020, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, affirmative defenses, and counterclaims, and for an order of reference, and denying those defendants' cross-motion to compel discovery and for leave to amend their answer, and upon an order of the same court (Michael A. Gajdos, Jr., J.), also dated October 15, 2020, granting the same relief to the plaintiff and appointing a referee to ascertain and compute the amount due to the plaintiff, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The order and judgment of foreclosure and sale, insofar as cross-appealed from, awarded the plaintiff attorneys' fees in the sum of only $5,000.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff attorneys' fees in the sum of $5,000, and substituting therefor a provision awarding the plaintiff attorneys' fees in the sum of $40,000; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.
In November 2007, the defendants Bernard J. Carl and Joan T. Carl (hereinafter together the defendants) obtained a home equity line of credit in the sum of $12,000,000 from the plaintiff, which was secured, in part, by a mortgage on certain real property located in Southampton. The defendants subsequently defaulted on their payment obligations. In May 2018, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an unverified answer asserting various affirmative defenses and three counterclaims seeking to recover damages for intentional and negligent misrepresentation and for false reporting to credit agencies.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, affirmative defenses, and counterclaims, and for an order of reference. The defendants opposed the plaintiff's motion and cross-moved to compel discovery and for leave to amend their answer. In an order dated October 15, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendants' cross-motion. In a second order dated October 15, 2020, the court granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale entered June 8, 2023, the Supreme Court, inter alia, granted the plaintiff's motion, confirmed the referee's report, directed the sale of the property, and awarded the plaintiff attorneys' fees in the sum of $5,000. The defendants appeal, and the plaintiff cross-appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). "A plaintiff may establish a payment default by an admission made in response to a notice to admit (see CPLR 3212[b]; 3123), by an affidavit from 'a person having [personal] knowledge of the facts' (CPLR 3212[b]), or by other evidence 'in admissible form'" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507).
Here, in support of its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting a copy of the home equity line of credit agreement, the mortgage, business records, and an affidavit of Alicia Hernandez attesting that the defendants drew advances from the line of credit up to the limit of $12,000,000 and failed to pay the credit line in full on the maturity date. Contrary to the defendants' contention, the business records upon which Hernandez relied in attesting to the defendants' default in payment were attached to Hernandez's affidavit, and the records themselves evinced the defendants' default (see Bank of America, N.A. v Bente, 237 AD3d 1017, 1019; Citigroup v Kopelowitz, 147 AD3d 1014, 1015). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
The plaintiff established, prima facie, that the defendants' first two counterclaims were time-barred, since the counterclaims alleged that the plaintiff made intentional and negligent misrepresentations in March 2008, more than six years prior to the commencement of this action in May 2018 (see CPLR 213[1]; Fandy Corp. v Lung-Fong Chen, 262 AD2d 352, 353). In opposition, the defendants failed to rebut the plaintiff's prima facie showing that the first two counterclaims were time-barred. Further, the plaintiff established its entitlement to dismissal of the defendants' third counterclaim, as the allegations set forth in the third counterclaim are preempted by the Fair Credit Reporting Act (15 USC § 1681 et seq.; see Hines v MicroBilt Corp., 237 AD3d 1070; Macpherson v JPMorgan Chase Bank, N.A., 665 F3d 45, 47).
Contrary to the defendants' contention, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants was not premature. The defendants failed to offer any evidentiary basis to suggest that additional discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Dalrymple v Morocho, 208 AD3d 751, 753).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, affirmative defenses, and counterclaims, and for an order of reference, and properly denied the defendants' cross-motion to compel discovery and for leave to amend their answer.
The Supreme Court also properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). Here, contrary to the defendants' contention, the referee's report of the amount due to the plaintiff under the home equity line of credit agreement was substantially supported by the record.
However, the Supreme Court improvidently exercised its discretion in awarding the plaintiff attorneys' fees in the sum of only $5,000. An award of attorneys' fees pursuant to the terms of a mortgage may only be enforced "to the extent that the amount is reasonable and warranted for the services actually rendered" (People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). "An award of a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (Parker Waichman, LLP v Mauro, 215 AD3d 869, 873 [internal quotation marks omitted]). Here, the home equity line of credit agreement gave the plaintiff the right to collect attorneys' fees actually incurred. The plaintiff's submissions, including affirmations from its attorneys and invoices, demonstrate that $40,000 is a reasonable fee for the work performed (see McCormick 110, LLC v Gordon, 200 AD3d 672, 675; GS Brooklyn Apts., LLC v Roberts, 176 AD3d 689, 690-691).
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court